**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELVIS SINGH, | No. 17-72882 |
| Petitioner, | Agency No. A035-924-872 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2020[**]
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[***]
District Judge.

Petitioner Elvis Singh seeks review of the Board of Immigration Appeals'

denial of his claim for deferral of removal under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Nancy D. Freudenthal, United States District Judge for
the District of Wyoming, sitting by designation.

("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We must uphold findings of fact unless the evidence compels a contrary conclusion. Guo v. Sessions, 897 F.3d 1208, 1212 (9th Cir. 2018). Substantial evidence supports the agency's denial of CAT protection, because Petitioner did not meet his burden to show that he would "more likely than not" be tortured "by or with the acquiescence of a government official or other person acting in an official capacity" if he were removed to Guyana. Tamang v. Holder, 598 F.3d 1083, 1095 (9th Cir. 2010). Although the record shows that persons with disabilities face serious challenges in Guyana, the evidence does not compel the conclusion that anyone in Guyana would act, or decline to act, with the specific intent to cause pain or suffering to Petitioner. See Villegas v. Mukasey, 523 F.3d 984, 989 (9th Cir. 2008) (holding that the petitioner failed to establish a likelihood of torture where, although "a variety of evidence showed that Mexican mental patients [were] housed in terrible squalor, nothing indicate[d] that Mexican officials (or private actors to whom officials ha[d] acquiesced) created these conditions for the specific purpose of inflicting suffering upon the patients").

Similarly, the evidence does not compel the conclusion that the government

---

[1] Petitioner concedes that he is statutorily ineligible for asylum and withholding of removal.

would acquiesce in, or turn a blind eye toward, torture.  And "generalized evidence of violence" and inadequate medical care in Guyana does not satisfy the standard for CAT protection.  Delgado-Ortiz v. Holder, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION DENIED.**